UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

HEARTS ON FIRE COMPANY, LLC,

Plaintiff,

v.

MONDERA.COM, INC., and ANNETTE
HARTMAN, d/b/a WWW.WEDDING-RING.WS,

Defendants.

CIVIL ACTION NO. 04cv12040-RGS

### CONSENT JUDGMENT AND PERMANENT INJUNCTION

In order to effectuate and implement the Settlement Agreement by and between the parties to this action (a copy of which is attached as Exhibit A; hereinafter referred to as "Settlement Agreement") and the parties having submitted themselves to the Court's jurisdiction and the Court having found that entry of this Consent Judgment and Permanent Injunction is necessary and proper to consummate the settlement of this action;

NOW, THEREFORE, upon agreement of the parties, it is ORDERED, ADJUDICATED, and DECREED as follows:

1. Defendant Mondera.com, Inc. ("Mondera") and defendant Hartman and their agents, servants, employees, attorneys, successors, assigns, and all persons acting in concert or participation with them, are hereby ENJOINED from any and all uses of the trademark HEARTS ON FIRE® (the "Trademark") as well as any confusingly similar designation, including, without limitation, in the visible text, invisible text, source code, metatags, title, or file path of any web site (including, without limitation, the web sites available at www.mondera.com and www.wedding-ring.ws) and from paying any money or consideration or otherwise lending any

assistance to any person or entity providing links to any web site where such links and/or where text visible in, or proximate to, such links make any use of the Trademark or any confusingly similar designation, including, without limitation, in connection with any affiliate program that makes any use of the Trademark or any confusingly similar designation in connection with the referral of web site users.

2. Within five business days following the entry of this Consent Judgment and Permanent Injunction Mondera shall furnish to counsel for plaintiff a certification in the form attached as Exhibit B and Ms. Hartman shall furnish to counsel for plaintiff a certification in the form attached as Exhibit C.

3. Except insofar as the parties have stipulated to the entry of the injunctive relief described herein, all claims are hereby dismissed with prejudice. Except for the payment required to be made in Paragraph 2 of the Settlement Agreement, each party shall bear its own costs and attorneys' fees.

4. This Court shall retain continuing jurisdiction over the parties for the purpose of entering enforcement orders in connection with this Consent Judgment and Permanent Injunction and in connection with the Settlement Agreement and for the purpose of awarding such other and further ancillary relief as may be proper in the circumstances of any such enforcement action.

| HEARTS ON FIRE COMPANY, LLC | MONDERA.COM, INC. |
|---|---|
| By its attorneys, | By its attorneys, |

*[signature: Mark F. Robins]*

Robert P. Sherman, Esq. (BBO #548540)
Mark D. Robins, Esq. (BBO #559933)
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110
(617) 345-1000

*[signature X]*

ANNETTE HARTMAN, pro se

*[signature]*

Annette Hartman
10216 West Evans Creek Road
Rogue River, Oregon 97537
(541) 582-2828

Dated: October 18, 2004

SO ORDERED:

Dated: 12-13-04

*[signature: Richard D. Stearns]*

United States District Court
District of Massachusetts

| | |
|---|---|
| HEARTS ON FIRE COMPANY, LLC | MONDERA.COM, INC. |
| By its attorneys, | By its attorneys, |
| | X _____ |
| | William _. Johns__ (signature) |
| _____ | |
| Robert P. Sherman, Esq. (BBO #548540) | |
| Mark D. Robins, Esq. (BBO #559933) | |
| NIXON PEABODY LLP | |
| 100 Summer Street | |
| Boston, MA  02110 | |
| (617) 345-1000 | |

ANNETTE HARTMAN, pro se

_____
Annette Hartman
10216 West Evans Creek Road
Rogue River, Oregon  97537
(541) 582-2828

Dated: October ____, 2004

SO ORDERED:

Dated: _____        _____
                                      United States District Court
                                      District of Massachusetts

**Exhibit A**

Settlement Agreement

## SETTLEMENT AGREEMENT AND RELEASES

**THIS SETTLEMENT AGREEMENT** is made this 20th day of ~~October~~ November, 2004, by and between, on the one hand, Hearts On Fire Company, LLC ("HOF"), a Massachusetts Limited Liability Company, with a principal place of business in Boston, Massachusetts, and, on the other hand, Mondera.com, Inc. ("Mondera"), a Delaware corporation with a principal place of business in New York, New York and Annette Hartman, a resident of Rogue River, Oregon (each of which shall be referred to individually as "Party" and collectively as the "Parties").

**WHEREAS**, a dispute has arisen between HOF and Mondera and Ms. Hartman arising out of the use of certain trademarks and other designations on or in connection with Ms. Hartman's and Mondera's web sites, as outlined in the Complaint in an action styled *Hearts On Fire Company, LLC v. Mondera.com Inc. and Annette Hartman d/b/a www.wedding-ring.ws* (United States District Court for the District of Massachusetts, Civil Action No. 04CV12040-RGS) (the "Litigation");

**WHEREAS**, the Parties each desire to resolve the Litigation in accordance with the terms of this Settlement Agreement;

**NOW THEREFORE**, in consideration of the mutual covenants and undertakings herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereto agree as follows:

1. The Parties will execute three triplicate originals of this Settlement Agreement. The Parties will also simultaneously execute a Consent Judgment and Permanent Injunction ("Consent Judgment"), in the form attached hereto as Exhibit 1.

2. Simultaneously with the execution of this Settlement Agreement, Mondera and Hartman shall pay to HOF the amount of $5,500.

3. Upon execution this Settlement Agreement and the Consent Judgment, HOF shall file the Consent Judgment with the court where the Litigation is pending. A copy of this Settlement Agreement as executed shall be attached to the Consent Judgment as filed.

4. In the event of any motion or action to enforce this Settlement Agreement or the Consent Judgment, the prevailing Party shall be entitled to recover attorneys' fees and costs incurred in connection with such action.

5. Each Party represents and warrants to one another that:

   (a) Such Party has read and understood this Settlement Agreement and has been advised by counsel concerning its provisions, including those of the Consent Judgment;

   (b) Such Party has entered into this Settlement Agreement voluntarily;

    (c)    Such Party has entered into this Settlement Agreement for reasons of its own, and not based upon the representation of any person, except as contained in this Settlement Agreement.

6. This Settlement Agreement, including Exhibit 1 hereto, constitutes the entire agreement among the Parties concerning resolution of this Litigation and it is expressly understood and agreed that this Settlement Agreement may not be altered, amended, modified, or otherwise changed in any respect, except by a writing duly executed by each of the Parties to this Settlement Agreement. Each of the Parties to this Settlement Agreement hereby covenants, acknowledges, and agrees that no claim will be made at any time or place that this Settlement Agreement has been orally altered or modified in any respect.

7. Any individual executing this Settlement Agreement on behalf of any Party represents and warrants that such individual is duly authorized to enter into this Settlement Agreement on behalf of that Party and that this Settlement Agreement binds that Party.

8. Each of the Parties represents and warrants that there has been no assignment, transfer, or other disposition of any of the claims that were asserted or could have been asserted in the Litigation or that are the subject of the releases set forth herein, and each of the Parties warrants that it is entitled to give a full and complete release of all such matters.

9. This Settlement Agreement shall inure to the benefit of, and be binding upon, the Parties to this Settlement Agreement and their successors, assigns, and heirs.

10. This Settlement Agreement, and any dispute arising out of, or relating to, this Settlement Agreement, shall be governed by the laws of the Commonwealth of Massachusetts. The Parties agree to submit to the continuing jurisdiction of the United States District for the District of Massachusetts for the purpose of enforcing or resolving any dispute arising out of, or relating to, the Consent Judgment and this Settlement Agreement. The United States District Court for the District of Massachusetts shall have exclusive jurisdiction and venue over all such disputes or enforcement issues.

Entered as an instrument under seal:

HEARTS ON FIRE COMPANY, LLC

By: *[signature]* Gailyc C. Sonia
Title: Counsel
Dated: 11-30-04

MONDERA.COM, INC.

By: *[signature]* P. Mouawad
Its: CEO
Dated: 11-11-04

ANNETE HARTMAN

By:
Its:
Dated:

13

Entered as an instrument under seal:

HEARTS ON FIRE COMPANY, LLC

By: _____*[signature]*_____ Gailyc C. Soria
Title: Counsel
Dated: 11-30-04


MONDERA.COM, INC.

By: _____*[signature]*_____
Its:
Dated: _____


ANNETE HARTMAN

By: _____*[signature]*_____
Its:
Dated: 10-18-04

3

**Exhibit B**

I, Fred Mourevial, depose and say as follows:

1.  I have made a thorough search for all materials in the possession, custody, or control of Mondera displaying the trademark HEARTS ON FIRE® or any confusingly similar designation.

2.  All materials in Mondera's possession, custody or control that display the trademark HEARTS ON FIRE® or any confusingly similar designation, including, without limitation, web pages, source code, brochures, labels, tags, displays, signs, and other documents, have been destroyed.

3.  I have personal knowledge of the statements made herein and am authorized to make them on behalf of Mondera.

Signed and sworn under the penalties of perjury this ___ day of October, 2004

Print Name: Fred Mourevial
Title: C.C.O.

BOS1423007.1

5

15

## Exhibit C

I, Annette Hartman, depose and say as follows:

1. I have made a thorough search for all materials in my possession, custody, or control displaying the trademark HEARTS ON FIRE® or any confusingly similar designation.

2. All materials in my possession, custody, or control that display the trademark HEARTS ON FIRE® or any confusingly similar designation, including, without limitation, web pages, source code, brochures, labels, tags, displays, signs, and other documents, have been destroyed.

3. I have personal knowledge of the statements made herein and such statements are made under my own free will.

Signed and sworn under the penalties of perjury this 18 day of October, 2004

_____
Annette Hartman

BOS1402308.1                           6

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

HEARTS ON FIRE COMPANY, LLC,

    Plaintiff,

v.

MONDERA.COM, INC., and ANNETTE
HARTMAN, d/b/a WWW.WEDDING-RING.WS,

    Defendants.

CIVIL ACTION NO. 04cv12040-RGS

### CERTIFICATE OF SERVICE

    I, Mark D. Robins, hereby certify that on December 3, 2004 I caused a true and accurate copy of the affixed Consent Judgment and Permanent Injunction to be mailed via first class mail postage prepaid upon:

    Annette Hartman (pro se)
    10216 West Evans Creek Road
    Rogue River, Oregon  97537

    William D. Johnson, Esq.
    Johnson & Associates
    350 S. Figueroa Street, Suite 190
    Los Angeles, CA  90071

    Fred Mouawad
    Mondera.com, Inc.
    45 West 45th Street
    New York, NY  10036

    _____
    Mark D. Robins

BOS1442669.1